(No. 12310.—Decree affirmed.)

NELLE ANDERSON et al. Appellants, vs. NEWTON STEW-
ART et al. Appellees.

*Opinion filed December 18, 1918.*

1. APPEALS AND ERRORS—*general rule as to amending pleadings after cause is remanded.* The general rule is that when a cause is remanded with directions to enter a certain order or decree the trial court is without authority to allow amendments to pleadings.

2. SAME—*when an answer may be amended on remandment of the cause.* Where a partition decree is reversed and the cause remanded, "with directions to dismiss the cross-bill and for such further proceedings as to law and justice shall appertain," if it appears from the opinion that a question is left open by the Supreme Court for further consideration by the trial court, the trial court, after re-instating the case and dismissing the cross-bill, may permit an amendment to the answer for further hearing on such question.

3. DEEDS—*in construing deeds intention of parties must be ascertained.* The object sought in the construction of deeds is to ascertain the intention of the parties, but the court must seek only to interpret the instrument before it and not to create a new and distinct one.

4. SAME—*estate conveyed in granting clause cannot be modified by subsequent clause.* Where the granting clause in a deed clearly and in apt terms defines the estate granted, such estate can not be subsequently modified, restricted or nullified by recitals in the *habendum* or later clauses.

5. SAME—*rule of construction when granting clause does not definitely describe estate granted.* Where the granting clause in a deed does not definitely describe the estate granted and there is an *habendum* or subsequent clause which does define the estate intended to be conveyed without being repugnant to the granting clause, the intention of the grantor may be ascertained from the wording of the entire deed, including the *habendum* clause, and not from the granting clause, alone.

APPEAL from the Circuit Court of Edgar county; the Hon. A. A. PARTLOW, Judge, presiding.

WILBER H. HICKMAN, for appellants.

FRANK T. O'HAIR, for appellee Edgar Vernon Stewart.

FRANK VANSELLAR, guardian *ad litem,* and EDWARD C. CRAIG, for appellee Newton Stewart.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill filed in the circuit court of Edgar county by Nelle Anderson and Marsalene Fern Stewart (by her guardian) to partition about 150 acres of land in said county and also for an assignment of dower and an accounting as to rents and profits. A cross-bill was filed by the defendants, alleging that a certain deed under which the complainants claimed title included said 150 acres by mistake and asking for its reformation so as to omit said land. The circuit court granted the relief prayed for by the cross-bill and dismissed the original bill for want of equity. On the cause being brought to this court the decree of the circuit court was reversed (*Anderson* v. *Stewart,* 281 Ill. 69,) and the cause remanded, with directions to the trial court to dismiss the cross-bill for want of equity, "and for such further proceedings as to law and justice shall appertain." The mandate of this court in that case being filed in the circuit court, the cross-bill was dismissed and an amended answer filed and a decree of partition and assignment of dower entered. From this last decree this appeal has been taken.

The principal question involved in this appeal is the quantum of the estate taken under said deed. The facts in the case are set out at length in the former opinion of this court, but for convenient reference we will briefly re-state the facts which especially bear on the points raised in this case..

Egbert Stewart was a brother of Edgar and the son of Newton Stewart and at one time owned the land in question. He died testate, leaving a life interest in this land to his mother and the remainder in fee simple to his four brothers (including Edgar) and two sisters. The mother died the day before Egbert. She had in her own name cer-

tain land in two county clerk's surveys, which is sometimes
referred to in the briefs and proceedings as "mother's land."
By the death of his mother Edgar Stewart became the
owner of an undivided interest in the mother's land and by
the death of his brother Egbert he became the owner of an
undivided one-sixth interest in the 150-acre tract in dis-
pute, subject, however to the payment of the debts of Eg-
bert's estate. Thereafter, on January 27, 1897, Edgar
Stewart conveyed by warranty deed to his father, Newton
Stewart, all his undivided interest in the mother's land and
in the 150-acre tract. On August 2, 1897, the executor of
Egbert Stewart's estate sold the 150-acre tract at an ad-
ministrator's sale to pay debts, the purchaser being Newton
Stewart, the father of Edgar and Egbert, at a purchase
price of $8990.40. Apparently this entire amount was nec-
essary to pay debts of the estate and there was no distri-
bution of a surplus among the heirs of the deceased. Later,
February 4, 1898, Newton Stewart made a warranty deed,
whereby he conveyed to his son Edgar certain real estate
in the following words: "All his undivided interest in lot
No. five (5) in the county clerk's subdivision of the south-
east quarter of section thirty (30) fractional east of the
boundary line; also lot No. one (1) in the county clerk's
subdivision of the east half of northeast quarter of section
thirty-one (31) fractional east of the boundary line, all in
township 13, north, range 11, west; also the west half of
the northwest quarter section eighteen (18), township four-
teen (14), north, range twelve (12), west; also the east
one-half of the northeast quarter of section 13, township
fourteen (14), north, range 13, west. It being the intention
of the grantor to convey by this deed the land conveyed
to him by Edgar Stewart in a deed made and dated Janu-
ary 27, 1897, situated in the county of Edgar, in the State
of Illinois," etc. This description is identical with the de-
scription of the land in the deed of January 27, 1897, from
Edgar to his father, except the last sentence of the deed of

February 4, 1898, which reads, "It being the intention of the grantor," etc., which does not appear in the earlier deed.

Newton Stewart, the father, is an aged man and apparently was of unsound mind at the time of the hearing and appears in this case by guardian *ad litem.* Edgar Stewart died in 1912, leaving a widow, Nelle Stewart, who has since re-married and is an appellant here as Nelle Anderson, and he left as his only heirs-at-law a son by a former marriage, Edgar Stewart, now of age, and a daughter, Marsalene Fern Stewart, a minor, born of his wife Nelle. This court held when the case was heretofore in this court that the portion of the description relating to the 150-acre tract of land was rightly included in the deed and was not included by a clerical error. There is no attempt in this proceeding to re-argue that question. The principal question in dispute here is as to whether the father, Newton Stewart, by his deed dated February 4, 1898, only deeded back to his son Edgar a one-sixth interest in the 150-acre tract of land or whether he conveyed by said deed to Edgar the full fee simple title in the 150-acre tract, as the father at the time he executed said deed owned the entire interest in the land. Appellants claim that the deed in question conveyed the full fee simple title, while appellees argue that it only conveyed an undivided one-sixth interest, and the trial court so held. No question is raised as to the proper accounting being made by the decree of the trial court, provided the court was correct in holding that the deed only conveyed a one-sixth interest in said tract.

Counsel for appellants first urges as error that the circuit court, after the reversal of the former case by this court, permitted an amended answer to be filed by appellees; that the mandate of this court required the trial court to execute the decree and not to give a re-trial of the case or enter any order which would have that effect. The former opinion of this court, after discussing at length the main question involved in that appeal as to whether the

deed included this land by clerical error, stated (p. 78):
"Appellants by their original amended bill claimed that Ed-
gar Stewart died seized of the entire title to the land in
question and that his children are each entitled to an un-
divided one-half in fee, subject to the dower interest of
the widow, Nelle Anderson. There is no discussion in this
case by counsel for either party, and not even a suggestion,
that such a claim is or is not supported by the evidence in
the record. Inasmuch as the trial court was not called upon
and did not pass upon the question of the quantum of land
conveyed by the deed of Newton Stewart to Edgar Stew-
art, we do not deem it proper for this court to finally deter-
mine that question on this appeal." The decree was then
reversed and the cause remanded "for such further pro-
ceedings as to law and justice shall appertain."

The rule is well settled that when a cause is remanded
with directions to enter a certain definite order or decree
the trial court is without authority to allow amendments to
the pleadings. But that is not the rule where a question
is left open and undecided by the decision of the court of
review. It is clear from the former opinion of this court
that the question as to the quantum of land conveyed by
the deed was intentionally left open for further consid-
eration and decision by the trial court. In *Chickering* v.
*Failes,* 29 Ill. 294, this court discussed at considerable
length the principle here involved, and held, among other
things, that it was the duty of the trial court, after re-
versal by a court of review, to follow the legal principles
announced by such court of review, and said (p. 302):
"But it by no means follows that other facts may not be
proved within the principles announced and amendments
made which obviate objections to granting the relief sought
or to the allowance of a defense interposed. It is con-
ceded that this court possesses the power to allow them
to be made, but it is denied that the previous decision per-
mitted them in this particular case. * * * Where the

285 — 39

decree is reversed and the cause is remanded with specific directions the court below has no discretion but must pursue the mandate of the Appellate Court. If such instructions were not observed it would be error, for which the second decree would be reversed on appeal. Why remand the cause, upon reversal, for further proceedings? Most assuredly that justice may be attained. If such was not the design, why not require this court to enter a final decree on the merits, granting such relief as the record disclosed the party entitled to or dismissing the bill? If on the trial in the Appellate Court it appeared by the evidence that the complainant was entitled to relief not sought by the bill or the defendant to a defense not set up by the answer, that the cause on a reversal might be remanded, amendments made and justice done to the parties." The rule as thus laid down in that case has been cited many times by this court with approval. Perhaps as illuminating discussions of this rule as any, when applied to the facts in this case, selected from the many cases referring to such rule, will be found in *Rising* v. *Carr,* 70 Ill. 596, *Wadhams* v. *Gay,* 83 id. 250, *Sanders* v. *Peck,* 131 id. 407, and *Noble* v. *Tipton,* 222 id. 639. On the facts presented in this and the former record and the rulings of this court in the former opinion, manifestly, after the mandate of this court was filed in the circuit court, the chancellor did not err in permitting an amendment to the answer and giving a further hearing on the question of the quantum of land conveyed. On the contrary, in so doing he acted in accordance with the opinion of this court.

Cross-errors have been filed by appellees in this case raising the question whether the circuit court committed error in refusing to allow an amended cross-bill to be filed raising affirmatively on behalf of appellees the question of the quantum of land conveyed by the father to the son in the deed here under consideration. As the relief prayed for by the cross-bill was fully granted to appellees under

their amended answer it is unnecessary to discuss the question whether the circuit court erred in refusing to allow the filing of said amended cross-bill. This is conceded by counsel for appellees, for even if they should have been permitted to raise this question by cross-bill they were in no way injured by the refusal of the court to permit one to be filed.

The chief argument of counsel for the appellants is that the court erred in finding that the father only conveyed to his son Edgar, by the deed in question, an undivided one-sixth interest in this land; that the reference in said deed to the former deed from the son to the father was merely for the purpose of indicating the source of the grantor's title and not for describing the amount of interest or the quantity of the estate conveyed. He argues that the long and well recognized rule of law is that once having granted an estate in a deed the grantor cannot restrict or nullify it by a subsequent clause. The object sought in the construction of deeds is to ascertain the intention of the parties. The courts, however, must seek only to interpret the instrument before them and not to create a new and distinct one. (*City of Alton* v. *Illinois Transportation Co.* 12 Ill. 38; *Pool* v. *Blakie,* 53 id. 495.) It is doubtless true, as argued by counsel for appellants, that where the granting clause in a deed clearly and in apt terms defines the estate granted, such estate thus granted cannot be subsequently modified, restricted or nullified by recitals in the *habendum* or later clauses. (*Morton* v. *Babb,* 251 Ill. 488; *Smith* v. *Tucker,* 250 id. 50.) This rule, however, does not apply and cannot control where the granting clause does not definitely describe the estate granted and where there is a *habendum* clause which does define the estate intended to be conveyed. Under such circumstances this court has held that the intention of the grantor may then be sought from the wording of the entire deed, including the *habendum,* and not from the granting clause, alone. (*Riggin* v.

*Love, 72* Ill. 553; *Welch* v. *Welch,* 183 id. 237; *Walker*
v. *Shepard,* 210 id. 100; *Bauman* v. *Stoller,* 235 id. 480.)
The primary rule to be sought in the construction of deeds
is to ascertain the real intention of the parties. "All rules
of construction are simply means to a given end, being those
methods of reasoning which experience has taught are best
calculated to lead to the intention, and generally no rule
will be adopted that leads to the defeat of the intention.
So, whatever may have been the earlier doctrine, it is now
thoroughly settled that technical rules of construction are
not favored and must not be applied so as to defeat the
intention. In modern times the more sensible rule obtains,
in all cases, to ascertain and give effect to the intention of
the parties as gathered from the entire instrument, together
with the surrounding circumstances, unless such intention
is in conflict with some unbending canon of construction
or settled rule of property or is repugnant to the terms of
the grant." (8 R. C. L. 1037.) "The modern tendency is to
ignore the technical distinctions between the various parts
of a deed and to seek the grantor's intention from them all
without undue preference to any, giving due effect to all,
including both *habendum* and granting clauses, where such
can reasonably be done, in order to arrive at the true in-
tention, even to the extent of allowing the *habendum* to
qualify or control the granting clause where it was mani-
festly intended that it should do so." (8 R. C. L. 1046;
see, also, 13 Cyc. 618, 619.) All parts of the deed must
be construed and harmonized, if possible. (9 Am. & Eng.
Ency. of Law,—2d ed.—139.)

Even if we concede, for the purpose of this case, that
if the granting clause of the deed had stated that the father,
Newton, conveyed unto his son Edgar all of his right, title
and interest in the land in question, then Edgar would have
taken a fee simple title as to the father's entire interest,
regardless of any statement contained in the later clauses,
this deed is not so drawn. It conveys only "all his undi-

vided interest in" said real estate. Do these words of description so clearly determine the estate granted as to make the granting clause conclusive as to the estate conveyed, regardless of any other words found in the other parts of the deed? The use of the words "undivided interest" strongly indicates that the grantor only intended to convey a partial interest in the land and not the whole. It is agreed that Edgar conveyed by his deed to his father on January 27, 1897, only a one-sixth interest in said land. If, in construing this deed in question from the father to the son, we have a right to take into consideration the words immediately following the granting clause, "it being the intention of the grantor to convey by this deed the land conveyed to him by Edgar Stewart," etc., then it is obvious that the deed was only intended to convey an undivided one-sixth interest in the 150 acres from the father to the son. Taking into consideration these words it is very plain what the grantor intended by the words "all his undivided interest." So construed there is no repugnancy between the later clause and the granting clause as to the interest conveyed. The words "all his undivided interest," in the granting clause, do not clearly define what interest the grantor intended to convey, for the father at that time owned the entire fee and not a mere undivided interest, but taking these words in connection with the reference to the deed of January 27, 1897, there can be no question as to the grantor's intention. Such construction does not contradict the language of the granting clause but simply supplies what was plainly there omitted. So to construe the deed is not contrary to any of the settled canons of construction but is in full accord therewith.

The decree of the circuit court will be affirmed.

*Decree affirmed.*