**GEORGE S. MAY INTERNATIONAL COMPANY, Appellant–Plaintiff,**

v.

**Gary A. KING and Preston J. Hacker, Appellees–Defendants.**

No. 41A04–9309–CV–00356 [1].

Court of Appeals of Indiana, First District.

Feb. 21, 1994.

---

**1.** This case was diverted to this office on January 6, 1994, by direction of the Chief Judge.

Robert K. Bellamy, Lester H. Cohen, John R. Maley, Barnes & Thornburg, Indianapolis, for appellant-plaintiff.

Steven K. Huffer, Mitchell Hurst Jacobs & Dick, Indianapolis, for appellees-defendants.

BAKER, Judge.

May an employer bring an action in Indiana to enjoin a former employee from breaching contract provisions when the employment contract provides that injunctive relief may be sought in any court of competent jurisdiction but another provision provides that any dispute arising under the contract must be tried in a particular Illinois court?

Appellant–Plaintiff George S. May International Company (May) challenges the trial court's dismissal of its actions for injunctive relief and damages against appellee-defendants Gary A. King and Preston J. Hacker based on a forum selection clause contained

in the contracts. May claims that the trial court erred in dismissing its actions for lack of jurisdiction because the contracts provide that it may seek an injunction in any court of competent jurisdiction.

## FACTS

The facts relevant to this appeal are undisputed. May is an international management consultant firm with its principal place of business in Illinois. King and Hacker began working for May in 1989 as special representatives assigned to a territory covering a large portion of Illinois and all of Indiana, except Vanderburgh County. During their employment King and Hacker gained confidential information concerning May's business and clients.

On January 15, 1993, King and Hacker executed identical written employment agreements with May. Paragraph 11(b) provides that May may bring an action to restrain a former employee from breaching the confidentiality provision (Paragraph 9) and the non-competition provision (Paragraph 10) in any court of competent jurisdiction. Paragraph 15 provides that any dispute arising under the employment contract shall be brought in Illinois.

On March 7, 1993, both King and Hacker resigned from May and began working for International Profits Associates (IPA), a direct competitor of May's. At IPA, King and Hacker perform work substantially similar to that performed for May in substantially the same territory, using confidential information and materials belonging to May.

On May 21, 1993, May filed two identical complaints against King and Hacker in Johnson County, Indiana, where both King and Hacker reside. May sought damages, injunctive relief, and in addition to or in the alternative to injunctive relief, liquidated damages. King and Hacker filed motions to dismiss under Ind.Trial Rule 12(B)(3) on the

ground that May could bring suit only in Illinois pursuant to Paragraph 15, the forum selection provision contained in their employment contracts. On July 6, 1993, the trial court dismissed May's actions without prejudice on this basis. In this consolidated appeal May argues that Indiana has jurisdiction over its actions against King and Hacker. Conversely, King and Hacker contend that we should dismiss this appeal based upon principles of mootness and comity.[2]

## DISCUSSION AND DECISION

### I. Mootness

█ King and Hacker argue that we should dismiss this appeal as moot because May is now seeking injunctive relief as a counterclaim in their declaratory judgment action pending in the Circuit Court of Cook County, Illinois. After the Indiana trial court dismissed May's actions, King and Hacker initiated a declaratory judgment action in the Illinois court. After the Illinois court refused to dismiss the action, May moved for injunctive relief.[3] Thus, King and Hacker argue that there is no concrete controversy, and this appeal is moot. We disagree.

█ An appeal is moot and this court lacks jurisdiction when: (1) it is no longer live or when the parties lack a legally cognizable interest in the outcome, (2) the principal questions in issue are no longer matters of real controversy between the parties, or (3) the appeals court is unable to provide effective relief upon the issue. *Ruppen v. Ruppen* (1993), Ind.App., 614 N.E.2d 577, 583. In this case, the issue of whether the trial court erred when it dismissed May's actions against King and Hacker is not moot because if we find the Johnson Superior Court had jurisdiction, May will be able to pursue its two actions in that forum.

2. We heard oral argument in this case on February 1, 1994.

3. In their briefs, King and Hacker included a certified copy of their complaint and a copy of May's motion for a preliminary injunction filed in the Cook County Court. However, these documents are not part of the record. Neither party

transmitted these documents as part of the record to be considered on appeal as required by Indiana Appellate Rule 7.2(B). However, since both parties admit that King and Hacker filed a complaint in the Cook County Court and that May responded by seeking injunctive relief, we will consider these factors.

## II. Comity

■ King and Hacker contend that even if this appeal is not moot, we should dismiss it based upon principles of comity. We decline this invitation.

■ Based upon principles of comity, Indiana courts may decline to interfere with proceedings in another state out of deference and goodwill. *Hexter v. Hexter* (1979), 179 Ind.App. 638, 640, 386 N.E.2d 1006, 1008. Comity is important in avoiding conflicting results and in discouraging repeated litigation of the same question. *Ruppen*, 614 N.E.2d at 582, n. 2. However, comity is not a mandatory rule of law, but is a rule of practice, convenience, and courtesy. *Ventura County, State of California v. Neice* (1982), Ind.App., 434 N.E.2d 907, 910.[4]

Here, whether May can seek injunctive relief in Indiana is unlikely to be an issue in the pending action in Illinois; thus, the parties do not risk facing conflicting decisions. In addition, because King and Hacker instituted their action in Illinois after May initiated its actions against them in Indiana, we will not allow King and Hacker to assert the principles of comity as a possible defense. If we were to allow this, every litigant could seek to stymie proceedings in Indiana by filing subsequent actions in other states.

Having decided that this appeal should not be dismissed, we turn to the merits of May's appeal.

## III. The Contract [5]

■ May contends that the trial court erred in dismissing its actions seeking to enjoin King and Hacker from violations of Paragraph 9 (confidentiality) and 10 (non-competition) of their employment contracts based upon Paragraph 15. May contends that the trial court disregarded Paragraph 11(b), which clearly provides that May may seek injunctive relief against an employee who breaches Paragraph 9 or 10 of his con-

tract in "any court of competent jurisdiction." May asserts actions for injunctive relief are not limited to the Illinois courts designated in Paragraph 15.

■ Construction of the terms of a written contract is a pure question of law for the court; thus, our standard of review is de novo. *See A.A. Conte, Inc. v. Campbell–Lowrie–Lautermilch Corp.*, 132 Ill.App.3d 325, 87 Ill.Dec. 429, 432, 477 N.E.2d 30, 33 (1985). In construing a contract we may not rewrite it to suit one party, but must apply the plain and obvious meaning of the language of the entire contract. *Quake Constr., Inc. v. American Airlines, Inc.*, 141 Ill.2d 281, 152 Ill.Dec. 308, 312, 565 N.E.2d 990, 994 (1990); *Berutti v. Dierks Foods, Inc.*, 145 Ill.App.3d 931, 99 Ill.Dec. 775, 777–78, 496 N.E.2d 350, 352–53 (1986), *appeal denied*. If the terms of the contract are unclear, ambiguous, or capable of more than one interpretation, we will construe them to determine and give effect to the intent of the parties at the time they entered into the contract. *Bunge Corp. v. Northern Trust Co.*, 252 Ill.App.3d 485, 191 Ill.Dec. 195, 201, 623 N.E.2d 785, 791 (1993); *Harris Trust and Savings Bank v. Hirsch*, 112 Ill.App.3d 895, 68 Ill.Dec. 383, 386, 445 N.E.2d 1236, 1239 (1983). We construe a contract against the drafter only if we cannot ascertain the parties' intent from all the ordinary interpretative guides. *Bunge*, 191 Ill.Dec. at 201, 623 N.E.2d at 791.

In the present case, Paragraph 15, which is designated the "Forum Selection" provision in the employment contracts, provides:

Any disputes arising under this Agreement shall be tried in the Courts sitting within the State of Illinois, and Employer and Employee hereby consent and submit his/ her person to the jurisdiction of any such Court for this purpose. The Company and the Employee agree that venue for any action or proceeding brought in the State

---

4. The fact that the Circuit Court of Cook County, Illinois did not grant May's motion to dismiss based upon its actions pending in Indiana demonstrates that comity is not a mandatory rule.

5. Paragraph 14 of King and Hacker's employment contracts provides that the contracts shall be governed in all respect by Illinois law. There-

fore, we will apply Illinois law to the substantive matters in this appeal. However, any procedural issues are governed by Indiana law since Indiana is the forum state. *See Prudence Life Ins. Co. v. Morgan* (1966), 138 Ind.App. 287, 292, 213 N.E.2d 900, 904.

of Illinois shall lie in the Northern District of Illinois or the First District of Illinois, as the case may be, and therefore agree that any legal suit, action, or proceeding brought by either party hereto against the other party hereto arising out of this Agreement of the related employment shall be brought exclusively in the United States District Court of the Northern District of Illinois or, if such Court lacks jurisdiction, the Circuit Court of Cook County in the State of Illinois.

Record at 17–18.[6]

Paragraph 11(b), which is listed under the "Remedies in Case of Violating" heading in the employment contract, provides:

In addition to any and all other remedies which may be provided by law, Employer shall have the right to restrain the breach of any provision of Paragraph 9 or 10 by injunction in any court of competent jurisdiction.

Record at 17. Paragraph 9 prohibits an employee from divulging any confidential information or using such information other than pursuant to the employee's employment on May's behalf. Paragraph 10 prohibits an employee from directly or indirectly competing with May in the territory in which he worked for May for six months after the termination of the employment agreement. Paragraph 11(b) allows May to seek injunctive relief against an employee for breaches of confidentiality and non-competition in "any court of competent jurisdiction."

▆▆▆▆ In construing a contract, we presume that all provisions were included for a purpose, and if possible we reconcile seemingly conflicting provisions to give effect to all provisions. *See Butler v. Economy Fire and Casualty Co.,* 199 Ill.App.3d 1015, 146 Ill.Dec. 94, 99, 557 N.E.2d 1281, 1286 (1990). We must accept an interpretation of the contract which harmonizes all the various parts so that no provision is deemed conflicting with, repugnant to, or neutralizing of any other provision. *Calumet Constr. Corp. v. Metro. Sanitary Dist. of Greater Chicago,* 222 Ill.App.3d 374, 163 Ill.Dec. 255, 258, 581 N.E.2d 206, 209 (1991), *appeal denied.* When a contract contains general and specific provisions relating to the same subject, the specific provision controls. *Wilson v. Wilson,* 217 Ill.App.3d 844, 160 Ill.Dec. 752, 757, 577 N.E.2d 1323, 1328 (1991); *see also Butler,* 146 Ill.Dec. at 99, 557 N.E.2d at 1286 (an apparently inconsistent or conflicting general statement must yield to the specific provision).

Because May would have had the equitable right to seek injunctive relief for employee breaches of confidentiality and non-competition even in the absence of Paragraph 11(b), the purpose of Paragraph 11(b) must be to ensure that May could bring injunction actions for these two types of breaches in "any court of competent jurisdiction," and not just in the Illinois courts defined by Paragraph 15. This purpose is logical since May employs people all over the country; and thus, breaches of confidentiality and non-competition may occur in many states other than Illinois. The ability to enjoin such breaches wherever they occur may also be intended to save May time and expense. Under Paragraph 11(b), May can seek injunctive relief where proof of the injury lies and where the judgment will be enforced, thus saving it the time and expense of having to obtain a judgment in Illinois and then seeking to have it domesticated in another jurisdiction. In that Paragraph 11(b) may allow May to move quickly wherever a violation occurs, it is also consistent with the purpose of preliminary injunctive relief, which is to swiftly stop the injury and preserve the status quo until a hearing on the merits can be held. *See The Instrumentalist Co. v. Band, Inc.,* 134 Ill. App.3d 884, 89 Ill.Dec. 530, 535, 480 N.E.2d 1273, 1278 (1985).

Although at first glance, Paragraph 15's forum provision appears inconsistent with

---

6. As a preliminary matter, we note that forum selection provisions are enforceable if reasonable and just. *Mechanics Laundry & Supply Co., Inc. v. Wilder Oil Co., Inc.* (1992), Ind.App., 596 N.E.2d 248, 252, *trans. denied.* Forum selection is a procedural matter, therefore Indiana law applies. However, we note that there is no difference in Illinois law on this issue. *See National Equip. Rental, Ltd. v. Polyphasic Health Systems, Inc.,* 141 Ill.App.3d 343, 95 Ill.Dec. 569, 571–72, 490 N.E.2d 42, 44–45 (1986) (well settled that a party may agree to submit to the jurisdiction of a particular court which would not otherwise have authority over him).

the phrase "any court of competent jurisdiction" found in Paragraph 11(b), the two provisions may be harmonized. Paragraph 11(b) defines in which courts May can obtain injunctive relief in addition to all other relief "which may be provided by law." Record at 17. Whereas Paragraph 15 addresses in which courts either party may bring an action for "any *legal* suit, action, or proceeding...." Record at 17–18 (emphasis supplied). Thus, the forum limitations specified in Paragraph 15 do not restrict injunction actions brought pursuant to Paragraph 11(b), which are equitable in nature. Under this interpretation, both provisions are given effect, and Paragraph 11(b) and Paragraph 15 do not conflict or neutralize one another, but are in harmony and complementary.

Moreover, if we were to limit May's right to seek injunctive relief to the Illinois courts specified in Paragraph 15 as King and Hacker suggest, we would impermissibly nullify Paragraph 11(b). In addition, because Paragraph 11(b) is a specific provision which narrowly but comprehensively addresses the single issue—where an action may be brought for a particular type of action (equitable) for a specific type of relief (injunctive) for limited types of breaches (confidentiality and non-competition)—Paragraph 11(b) trumps the jurisdiction provision of Paragraph 15, which designates the courts having jurisdiction for disputes generally.[7]

 This interpretation is fully supported by several additional factors. First, it has long been held that in construing a written instrument, we give technical words and terms of art their technical meaning. *Louisville & N.R. Co. v. Illinois Central R. Co.,* 174 Ill. 448, 51 N.E. 824, 827 (1898); *see also* Restatement (Second) of Contracts, § 202(3)(b). We presume that the parties know the technical meaning of the language they use in a formal instrument and have adopted that meaning. Thus, in construing a formal contract we must give the words contained therein their ordinary legal significance unless it is clear from the contract as a whole that it was highly improbable that the parties attached to the words their legal significance.

 The phrase "[any] court of competent jurisdiction" is a term of art which has acquired so definite a meaning in the law that we cannot give a contrary interpretation to the phrase especially in a formal instrument. Nothing in the contract here indicates anything other than that the parties intended to adopt the ordinary legal significance of the phrase "any court of competent jurisdiction," and, therefore, we will apply the technical meaning of the phrase. A court of "competent jurisdiction" is any court which has jurisdiction over the defendant (personal jurisdiction), jurisdiction over the particular case, and jurisdiction over the subject matter of the dispute, and is thus competent to render a binding judgment in the case. *U.S. v. Morton* 467 U.S. 822, 828, 104 S.Ct. 2769, 2773, 81 L.Ed.2d 680 (1984) (although the concept a court of "competent jurisdiction" usually refers to subject matter jurisdiction and there is a clear distinction between a court's "competence" and its jurisdiction over the defendant, the concept has also been used to refer to a court's jurisdiction over the defendant's person); *Trook v. Lafayette Bank and Trust Co.* (1991), Ind.App., 581 N.E.2d 941, 944–45, *trans. denied* (jurisdictional elements in every action are jurisdiction of the subject matter, jurisdiction of the case, and jurisdiction of the person); *see also* Federal Rules of Civil Procedure 12(b)(1) (subject matter jurisdiction) *and* 12(b)(2) (personal jurisdiction); Restatement (Second) of Judgments § 11, Comment a (1982). In addition, the dictionary definition of a court of competent jurisdiction is consistent with the general usage of the phrase. *See* Black's Law Dictionary (Revised Fourth Edition 1968) ("court of competent jurisdiction" is a court having the power and authority of

---

**7.** The fact that Paragraph 11(b) falls under the heading "Remedies in Case of Violating" does not preclude it from addressing matters related to the remedy discussed therein. Record at 17. Paragraph 11(b), although listed under the remedies section of the contract, pertains to when and where the specific remedy of injunctive relief may be sought for Paragraph 9 and 10 violations. Paragraph 15, although listed under the "Forum Selection" heading, pertains to where all other disputes may be brought. Moreover, the parties' intentions, not general labels, control our interpretation.

law to determine the question in controversy).

Applying the technical meaning of the phrase "any court of competent jurisdiction" in this case, Paragraph 11(b) permits May to bring an injunction action for Paragraph 9 and 10 violations in any court which has subject matter jurisdiction and personal jurisdiction over the defendant, and not just in the Illinois courts designated in Paragraph 15. Because the Johnson County Superior Court is a court of general jurisdiction and King and Hacker both live in Johnson County and may be brought within the court's jurisdiction by service of process, it has subject matter and personal jurisdiction; and, therefore, it is a court of competent jurisdiction for May's injunction actions brought pursuant to Paragraph 11(b).

▮ Second, in interpreting contracts we seek to give effect to the intent of the parties as manifested by the language used, if it is consistent with the law and public policy. *Anderson v. Stewart*, 285 Ill. 605, 121 N.E. 198, 201 (1918). We strictly construe contract terms which affect public policy. *Electrical Contractors Ass'n v. A.S. Schulman Elec. Co.*, 391 Ill. 333, 63 N.E.2d 392, 394–95 (1945). The application of this rule is not in the interest of any party to the transaction, but in the interest of the general public, and thus we must apply this rule even though it was not urged by either party. *See Vock v. Vock*, 365 Ill. 432, 6 N.E.2d 843, 844–45 (1937). Limiting one's access to courts and his opportunity to obtain a remedy for an injury is against public policy as expressed in the Illinois and Indiana Constitutions.[8] If the parties intend to preclude or limit access to particular courts, they must clearly and unequivocally express that intent. Here, the parties did not express an intent to limit access to courts for injunction actions, but only for other types of disputes. Thus,

May may bring an injunction action for Paragraph 9 or 10 violations in any court of competent jurisdiction, that is, in any court which has subject matter, case, and personal jurisdiction. However, pursuant to Paragraph 15, any other action brought by either party must be brought exclusively in the U.S. District Court for the Northern District of Illinois or in the Circuit Court of Cook County, Illinois, if the U.S. District Court lacks subject matter or case jurisdiction. Therefore, unless the defendants consent to litigate all actions in one court, May will have to file multiple actions in different states if it seeks to obtain relief other than injunctive relief for Paragraph 9 or 10 violations in a court other than the Illinois courts specified in Paragraph 15.

## CONCLUSION

Under Paragraph 11(b) of the employment contracts, May has the specific right to seek injunctive relief against King and Hacker for breaches of confidentiality and non-competition in any court which has subject matter, case, and personal jurisdiction. The forum provision of Paragraph 15 does not apply to injunction actions brought by May for Paragraph 9 and 10 violations, but does apply to all other actions. Therefore, May must bring its action for damages in the Illinois courts designated in Paragraph 15.

Because the Johnson Superior Court had subject matter jurisdiction, case, and personal jurisdiction here, denial of May's actions for injunctive relief against King and Hacker for their breaches of confidentiality and non-competition was error. However, dismissal of May's action for damages was proper, since King and Hacker did not consent to litigate May's damage claims in the Johnson Superior Court. We remand for the trial court to reinstate May's actions for injunctive relief.

---

**8.** Article 1, § 12 of the Illinois Constitution provides:

 Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property or reputation. He shall obtain justice by law, freely, completely, and promptly.

 Article 1, § 12 of the Indiana Constitution provides:

 All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

Judgment affirmed in part, reversed in part, and remanded.

NAJAM and GARRARD, JJ., concur.