**ACE INSURANCE COMPANY f/k/a Cigna Insurance Company of Europe, SA–NV, Appellant,**

v.

**ZURICH AMERICAN INSURANCE COMPANY and Zurich Insurance Company, Appellees.**

No. 01–01–00157–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 25, 2001.

Michael W. McCoy, Michael Paul Nassif, Fowler, Rodriguez, Kingsmill, Flint & Gray, L.L.P., Houston, for Appellant.

Tom A. Cunningham, Cunningham, Darlow, Zook & Chapoton, L.L.P., Lisbeth Findsen, Houston, for Appellee.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at

## OPINION

SAM NUCHIA, Justice.

This is an interlocutory appeal of an order denying appellant's special appearance in a suit for breach of contract brought by a Swiss insurance company and its American subsidiary against a Belgian insurance company. We affirm.

## JURISDICTION

■ Appellant's notice of appeal was due on January 24, 2001, 20 days after the order denying the special appearance was signed. *See* Tex.R.App. P. 26.1(b). The notice of appeal was filed six days late. We construe appellant's notice of appeal within the 15–day period allowed under rule 26.3 to imply a motion for an extension of time.[1] Appellant filed in this Court a reasonable explanation for its untimely filing, as required under rule 26.3, explaining that it did not receive actual or constructive notice of the signed order until January 26, 2001 and attaching an order of the trial court finding the same. Appellant has complied with rule 26.3, and, therefore, we have jurisdiction in this appeal.

## BACKGROUND

Appellant, Ace Insurance Company, SA–NV,[2] is a Belgian property and casualty insurer with its principal place of business in London, England. Appellee Zurich Insurance Company, a Swiss insurance company, has its principal place of business in Zurich, Switzerland, and appellee Zurich American Insurance Company, an American subsidiary of Zurich Insurance Company, has its main office in Schaumberg, Illinois (collectively, Zurich).

Zurich American issued an insurance policy to Nabors Industries, Inc., a Houston-based drilling company, and its affiliate, Nadrico Saudi, Ltd., to cover loss and damage to their oil rigs and drilling installations. The policy excluded losses in the United States and Canada. The policy contained the following service-of-suit clause:

> Service of Suit Clause (U.S.A.)
>
> It is agreed that in the event of the failure of the Underwriters to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States. Nothing in this Clause constitutes or should be understood to constitute, a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any States in the United States.
>
> It is further agreed that ... in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

Ace issued a reinsurance policy covering a portion of the Nabors policy. The service-of-suit clause was incorporated into the reinsurance policy.

---

Houston, participating by assignment.

1. Appellant correctly filed its notice of appeal in the trial court. However, a motion to extend time to file the notice of appeal was also filed in the trial court, rather than with this Court. *See* Tex.R.App. P. 26.3(b).

2. During the time period that most of these events occurred, Ace Insurance Company was known as Cigna Insurance Company of Europe, SA NV. In the interest of clarity, the company will be referred to as Ace throughout this opinion.

During the period of the reinsurance policy, Nadrico had a blow-out on an oil well in Saudi Arabia. Houston-based loss adjuster Rush Johnson Associates was assigned to the claim. Nadrico's claim was paid by Zurich, but Ace denied liability under the reinsurance policy, contending that Zurich did not give timely notice of the claim and Nadrico failed to comply with the terms of the policy regarding installation of a blow-out preventer.

In September 1999, Ace filed an action in an English Commercial Court against Zurich, seeking a declaration of no liability under the reinsurance policy. In April 2000, Zurich filed suit against Ace in Harris County, Texas, alleging breach of the indemnification obligation under the reinsurance contract and breach of the service-of-suit clause. Ace removed the Harris County suit to federal court on the basis of diversity jurisdiction. Zurich filed a motion to remand, asserting lack of subject-matter jurisdiction. This motion, which was not opposed by Ace, was granted, and the suit was remanded to state court.

The English court found in favor of Zurich on July 31, 2000, and Ace appealed. The judgment was affirmed on February 2, 2001 by the court of appeal, which stated,

> Ace's agreement in the service of suit clause to submit itself to the jurisdiction of a court of competent jurisdiction within the United States effectively reverses the burden of persuasion once again. If a party agrees to submit to the jurisdiction of the courts of a state, it does not easily lie in its mouth to complain that it is inconvenient to conduct its litigation there (i.e. to assert that the agreed forum is a forum non conveniens).

*Ace Ins. SA–NV (Formerly) Cigna Ins. Co. of Europe SA–NV v. Zurich Ins. Co.*

*and Zurich Am. Ins. Co.*, [2001] 1 Lloyd's Rep. 618, 630. The English court of appeal further noted, "In the present case there is neither submission nor evidence from Ace that the Texan [sic] state court is not a court of competent jurisdiction.... Whatever may be the status of any challenge to the jurisdiction of the Texan state court in the present case must ... be a matter for that court." *Id.* at 631. The court replaced the trial court's order with an order staying the action against Zurich Insurance Company, setting aside the service of the claim on Zurich American, and dismissing the appeal. *Id.*

Meanwhile, in the Texas lawsuit, Ace had argued its special appearance to the trial court, and, on January 4, 2001, the court signed an order denying the special appearance.

***Standard of Review***

 In a special appearance, the non-resident defendant bears the burden of negating all possible grounds for personal jurisdiction. *Old Kent Leasing Servs. Corp. v. McEwan*, 38 S.W.3d 220, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Whether the trial court may assert personal jurisdiction over the nonresident defendant is a question of law subject to a de novo review. *Id.* If the trial court does not file findings of fact, the reviewing court presumes fact findings to support the judgment and must affirm the judgment on any legal theory supported by the evidence. *Id.* at 225–26.

**DISCUSSION**

 In its sole issue, Ace contends that the exercise of personal jurisdiction over Ace by a Texas court is improper under the Texas Long Arm Statute[3] and the United States Constitution's due process

---

**3.** TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.042– .042 (Vernon 1997).

standard.[4] However, in its brief and its reply brief, Ace also addresses the issue of whether Ace consented, under the service-of-suit clause, to submit to the jurisdiction of the Texas courts. Because personal jurisdiction can be consented to, *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 473 n. 14, 105 S.Ct. 2174, 2182 n. 14, 85 L.Ed.2d 528 (1985), we consider the issue of consent to personal jurisdiction to be dispositive. *See also Abacan Technical Servs. Ltd. v. Global Marine Int'l Servs. Corp.,* 994 S.W.2d 839, 843 (Tex.App.— Houston [1st Dist.] 1999. no pet.).

Ace argues that it did not consent to personal jurisdiction in Texas because Texas is not a forum of "competent jurisdiction." Ace contends that "court of competent jurisdiction," as used in the service-of-suit clause, should be interpreted to encompass both subject-matter and personal jurisdiction and that Texas does not have personal jurisdiction over Ace. As support for its interpretation of the service-of-suit clause, Ace cites *George S. May International Company v. King,* 629 N.E.2d 257 (Ind.App.1994). In *King,* the court was reconciling two provisions in an employment contract: a forum-selection clause naming Illinois as the state in which any disputes would be tried and a paragraph providing a remedy for violation of a non-compete clause stating that an injunction could be obtained "in any court of competent jurisdiction." *Id.* at 260–61. The court defined "court of competent jurisdiction" to include personal jurisdiction, citing *United States v. Morton,* 467 U.S. 822, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984). *King,* 629 N.E.2d at 262. However, in *Morton,* the Supreme Court considered the effect of the phrase, "court of competent jurisdiction," as used in 42 U.S.C. section 662(e), which, in pertinent part, defines "legal process" as a writ, order, summons, or other process that is issued by a court of competent jurisdiction. *Morton,* 467 U.S. at 825, 104 S.Ct. at 2771. The Court reasoned,

> The concept of a court of "competent jurisdiction," though usually used to refer to subject-matter jurisdiction, has also been used on occasion to refer to a court's jurisdiction over the defendant's person. We do not, however, construe statutory phrases in isolation; we read statutes as a whole....
>
> ....
>
> Subject-matter jurisdiction defines the court's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum.

*Id.,* 467 U.S. at 828, 104 S.Ct. at 2773.

The Court then considered the statute as a whole, its plain language, its legislative history and purposes, and the regulations authorized by the statute and determined that the government cannot be held liable for honoring a writ of garnishment that is "regular on its face" and has been issued by a court with *subject matter jurisdiction* to issue such orders. *Id.,* 467 U.S. at 836, 104 S.Ct. at 2777. Thus, in *Morton,* the phrase, "court of competent jurisdiction," referred to a court that had subject-matter jurisdiction.

▇▇▇ Insurance contracts are governed by the same rules of construction that apply to other contracts. *State Farm Life Ins. Co. v. Beaston,* 907 S.W.2d 430, 433 (Tex.1995). Like statutes, we construe contracts as a whole. *Id.* We recognize that every clause has some effect and that a reasonable interpretation is preferable to one that is unreasonable. *Westwind Exploration, Inc. v. Homestate Sav. Ass'n,* 696 S.W.2d 378, 382 (Tex.1985). An inter-

---

4. *See* U.S. Const. amends. V, XIV.

pretation that renders some terms meaningless is unreasonable. *See id.*

In the present case, if "court of competent jurisdiction" encompasses both subject-matter jurisdiction and personal jurisdiction, Ace would have *agreed* to submit to the jurisdiction of a court having subject-matter and personal jurisdiction. Such an agreement would be meaningless because there is no need to agree to submit to a court already having personal jurisdiction. Therefore, Ace's construction of the service-of-suit clause is unreasonable.

The existing case law, though sparse, is in agreement with a conclusion that a service-of-suit clause like the one in the present case operates as a consent to personal jurisdiction. We have found no Texas cases determining the effect of a service-of-suit clause. However, the Fifth Circuit Court of Appeals, in *McDermott International, Inc. v. Lloyds Underwriters of London,* determined that, although the service-of-suit clause constituted consent to personal jurisdiction in a court selected by the plaintiff, the clause did not waive the underwriters' removal rights. 944 F.2d 1199, 1206 (5th Cir.1991). *See also In re Delta Am. Re Ins. Co.,* 900 F.2d 890, 893 (6th Cir.1990); *Columbia Cas. Co. v. Bristol–Myers Squibb Co.,* 215 A.D.2d 91, 635 N.Y.S.2d 173, 177 (N.Y.App.Div.1995) (holding that service-of-suit provision is consent to jurisdiction).

We hold that, considering the contract as a whole, "court of competent jurisdiction," as used in the service of suit clause, means a court having subject-matter jurisdiction over the insured's claim. In agreeing to the service of suit clause, Ace consented to the jurisdiction of the court of Zurich's choice by waiving personal jurisdiction. Therefore, Ace did not negate all possible grounds for jurisdiction. Accordingly, the trial court did not err in denying Ace's special appearance.

We affirm the judgment.