Opinion issued March 13, 2003. 






     









In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00439-CV




MICHIANA EASY LIVIN’ COUNTRY, INC. d/b/a MICHIANA R.V.,
Appellant

V.

JAMES G. HOLTEN, Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 0035433




O P I N I O N

          This is an interlocutory, accelerated appeal from the trial court’s denial of a
special appearance filed by appellant, Michiana Easy Livin’ Country, Inc., d/b/a
Michiana R.V. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (7) (Vernon
2001). Michiana argues that the trial court erred by denying its special appearance. 
It contends that (1) the court did not have personal jurisdiction over Michiana
because the Texas long-arm statute does not reach Michiana, and (2) Michiana had
not established the minimum contacts required by federal due process in order for
Texas courts to assert jurisdiction over it. We affirm.Background


On July 14, 2001, appellee, James G. Holten, brought suit against Ford Motor
Company, Coachmen Industries, Inc., Michiana, and Coachmen Recreational Vehicle
Company. In his amended petition filed with the district court, Holten alleged that
he was a resident of Harris County, Texas and that the subject matter of his suit, a
motor home, was also located in Harris County, Texas. Holten stated that he had
entered into a contract with Michiana to purchase a Class A Coachmen Catalina
motor home manufactured by Coachmen equipped with a Ford Engine, and that he
had taken delivery of the motor home in July 1998. 
          In his petition, Holten alleged that, at the time he purchased the motor home,
Michiana represented to him that (1) the motor home would be constructed with all
solid wood material connected with screws, (2) the motor home’s coach would not
contain nails or staples, (3) the motor home would contain a bathtub and a shower,
(4) the motor home would contain a double-pedal, foot flush toilet, (5) the motor
home could be serviced by any authorized Ford dealer, and (6) the motor home would
comply with other specifications listed by Holten. Holten’s petition further alleged
that these conditions were not met, and that the breach of these conditions constituted
a violation of the Texas Deceptive Trade Practices Consumer Protection Act, as well
as common law fraud, breach of warranty, and breach of contract. 
          Ford Motor Company, Coachmen Recreational Vehicle Company and
Coachmen Industries, Inc. filed answers, but Michiana filed a motion for special
appearance and a verified denial, subject to its special appearance, a general denial,
subject to its special appearance, and affirmative defenses, subject to its special
appearance. Michiana also subsequently filed a supplement to its original answer,
subject to its special appearance, a supplement to its motion for special appearance
and an alternative motion to dismiss based upon a forum selection agreement, subject
to its special appearance. 
          In affidavits attached to its supplemental motion for special appearance,
Michiana denied that the trial court had jurisdiction over it for the following reasons:
(1) Michiana is an Indiana corporation that is not a resident of Texas, has no agent for
service in Texas, has no property or employees in Texas, and is not authorized to do
business in Texas; (2) Michiana does not advertise or have an Internet presence in
Texas; (3) Holten contacted Michiana on his own initiative to arrange for Michiana
to sell him a Coachmen motor home; (4) Michiana delivered the Coachmen motor
home in Indiana to an independent third-party carrier who brought the motor home
to Texas; (5) all communications between Michiana and Holten were conducted over
the telephone; (6) all payments were made to Michiana in Indiana; (7) Holten was
originally scheduled to accept delivery of the motor home in Indiana; and (8) the sale
contract signed by Holten contained a forum selection clause designating Indiana as
the forum state of all disputes arising from the sale of the motor home. 
          The trial court denied Michiana’s special appearance. Discussion
The Texas Long-Arm Statute 
          A Texas court may assert personal jurisdiction over a non-resident defendant
only if the requirements of both the Texas long-arm statute and the United States
Constitution are satisfied. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466
U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); CSR, Ltd. v. Link, 925 S.W.2d 591, 594
(Tex. 1996). The Texas long-arm statute allows a Texas court to exercise personal
jurisdiction over a non-resident defendant who does business in Texas. Tex. Civ.
Prac. & Rem. Code Ann. § 17.042 (Vernon 2001). A nonresident does business in
Texas if it:
(1)contracts by mail or otherwise with a Texas resident and either
party is to perform the contract in whole or in part in this state; 
 
(2)commits a tort in whole or in part in this state; or
 
(3)recruits Texas residents, directly or through an intermediary
located in this state, for employment inside or outside this state.

Id. In addition to the items on this list, the statute provides that “other acts” by the
nonresident can satisfy the requirement of “doing business” in Texas. Id.; Guardian
Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226
(Tex. 1991). The Texas Supreme Court has repeatedly interpreted this broad statutory
language “to reach as far as the federal constitutional requirements of due process
will allow.” CSR, 925 S.W.2d at 594. Therefore, the requirements of the Texas long-arm statute are satisfied if the exercise of personal jurisdiction comports with federal
due process limitations. Id.
Federal Due Process Limitations on Personal Jurisdiction
          Under the limits of the federal due process, a state may exert personal
jurisdiction over a non-resident defendant only if the defendant has some minimum,
purposeful contacts with the state, and the exercise of jurisdiction will not offend
traditional notions of fair play and substantial justice. Dawson-Austin v. Austin, 968
S.W.2d 319, 326 (Tex. 1998). A non-resident who has purposely availed himself of
the privileges and benefits of conducting business in Texas has sufficient contacts
with the forum to confer personal jurisdiction. CSR, 925 S.W.2d at 594. However,
a defendant should not be subject to the jurisdiction of a Texas court based upon
random, fortuitous, or attenuated contacts. Id. at 595. The purposeful availment
requirement ensures that the nonresident defendant’s contact must result from its
purposeful contact, not the unilateral activity of the plaintiff or a third party. See
Guardian Royal, 815 S.W.2d at 227; AmQuip Corp. v. Cloud, 73 S.W.3d 380, 385
(Tex. App.—Houston [1st Dist.] 2002, no pet.). It is the quality and nature of the
contacts, rather than their number, that is important. Guardian Royal, 815 S.W.2d at
230 n.11. The exercise of personal jurisdiction is proper when the contacts
proximately result from actions of the nonresident defendant which create a
substantial connection with the forum state. Id. at 226. 
          Holten has alleged that Michiana made misrepresentations regarding the motor
home it sold to him, and that these misrepresentations constituted violations of the
Texas Deceptive Trade Practices Act as well as common law fraud, breach of
warranty, and breach of contract.  
Standard of Review and State of the Record
          The plaintiff bears the initial burden of pleading sufficient allegations to bring
a nonresident defendant within the personal jurisdiction of a Texas court. BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). A defendant
bears the evidentiary burden of challenging the court’s assertion of personal
jurisdiction by negating all jurisdictional bases. Id. Existence of personal jurisdiction
is a question of law, reviewed de novo, but that determination must sometimes be
preceded by the resolution of underlying factual disputes. Preussag
Aktiengesellschaft v. Coleman, 16 S.W.3d 110, 113 (Tex. App.Houston [1st Dist.]
2000, pet. dism’d w.o.j.). Although findings of fact are not required, see Tex. R. App.
P. 28.1, if the trial court does not file findings of fact in a special appearance, all
questions of fact are presumed to support the judgment. Ace Ins. Co. v. Zurich Am.
Ins. Co., 59 S.W.3d 424, 427 (Tex. App.Houston [1st Dist.] 2001, pet. denied). 
          According to the Texas Rules of Civil Procedure, live testimony may be
considered at a special appearance hearing. Tex. R. Civ. P. 120a(3); see also Jack B.
Anglin Co. v Tipps, 842 S.W.2d 266, 269 n.4 (Tex. 1992). Here, because there is no
record of the hearing, we are unable to conclusively determine whether or not the
parties presented additional evidence. The clerk’s record does not contain the trial
court’s docket sheet; therefore, there is no notation whether evidence was presented
during the hearing. Neither party, either in briefing or during argument, definitively
stated whether additional evidence was presented at the hearing. When this Court
inquired during oral presentation why a reporter’s record was not compiled and
presented in this appeal, Michiana’s counsel responded by stating that the “facts were
not in dispute.” During argument before this Court, however, the parties alluded to
evidence apparently presented to the trial court at the special appearance
hearing—evidence that is not contained in our appellate record. Therefore, the
circumstances of this case lead us to believe that additional evidence was offered at
the special appearance hearing. Where, as in this case, the reporter’s record is
incomplete or wholly absent, we must presume that the evidence presented to the trial
court supported its judgment. Schafer v. Conner, 813 S.W.2d 154, 155 (Tex. 1991).
Conclusion
          We affirm the order of the trial court. All pending motions are dismissed as
moot. 





                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.