


FILED

Sep 19 2025, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Osman Mulaomerovic,

*Appellant-Respondent*

v.

Amira Mulaomerovic,

*Appellee-Petitioner*

---

September 19, 2025

Court of Appeals Case No.
24A-DN-2727

Appeal from the Marion Superior Court

The Honorable Peter P. Haughan, Magistrate

Trial Court Cause No.
49D15-2301-DN-717

---

**Opinion by Judge Scheele**
Judges May and Weissmann concur.

**Scheele, Judge.**

## Case Summary

Amira Mulaomerovic (Wife) filed a petition for dissolution of marriage from Osman Mulaomerovic (Husband) in Marion Superior Court. Husband then moved to dismiss. The trial court granted the dismissal but later granted Wife's motion to correct errors and set aside that dismissal. Husband now appeals. Finding the trial court did not abuse its discretion in granting the motion to correct errors, we affirm.

## Facts and Procedural History

Husband and Wife are citizens of Bosnia and Herzegovina. In 2017, Husband and Wife married in Indianapolis, where they both lived. In January 2022, the couple, who had returned to Bosnia and Herzegovina, jointly filed a petition for dissolution of marriage in the Municipal court of Tuzla.[1] The petition made no mention of marital property. The Bosnian court granted the dissolution.

On January 18, 2023, Wife filed a petition for dissolution of marriage in Marion Superior Court requesting a division of real property located in Indiana. Husband thereafter filed a motion to dismiss under principles of comity, citing the Bosnian proceeding. The trial court granted Husband's motion to dismiss. Wife filed a Motion to Reconsider, which was denied.

---

[1] Tuzla is a city in northeast Bosnia and Herzegovina.

[4] In October 2023, Wife filed a Motion to Correct Errors, arguing the trial court erred in granting the dismissal because "the property in Indiana . . . was not addressed in the Bosnian Dissolution." Appellant's App. Vol. II p. 35. A hearing was held on the motion, after which the trial court granted Wife's Motion to Correct Errors and set aside the dismissal. Husband now appeals.[2]

## Discussion and Decision

### I. Res Judicata

[5] Husband first argues the trial court erred in granting Wife's motion to correct errors and setting aside the dismissal because res judicata precluded Wife from filing a petition in Marion Superior Court. We review the grant or denial of a motion to correct errors for an abuse of discretion. *Sanders Kennels, Inc. v. Lane*, 153 N.E.3d 262, 268 (Ind. Ct. App. 2020). However, where the trial court addresses a pure question of law, our review is de novo. *Id.*

[6] Res judicata serves to prevent repetitious litigation of disputes which are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011), *trans. denied*. The doctrine of res judicata consists of two distinct components: claim preclusion and issue preclusion. *Id.* Claim preclusion applies when the following four factors are satisfied:

---

[2] Wife has filed a motion to dismiss this appeal, arguing it is untimely and that the trial court's order is not appealable. Because Husband appealed within thirty days of the trial court's written order, we decline to find the appeal untimely. And because Husband is appealing from an order granting a Motion to Correct Errors, the judgment is final and appealable under Indiana Appellate Rule 2(H)(4).

> 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the former judgment must have been rendered on the merits; 3) the matter now in issue was, or could have been, determined in the prior action; and 4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* (citation omitted).

[7] Wife argues res judicata does not apply because "a former judgment has not been rendered on the merits regarding the marital property located in Indiana." Appellee's Br. p. 7. We agree. This Court addressed a similar issue in *Sims v. Sims*, 199 N.E.3d 374 (Ind. Ct. App. 2022). There, the parties initiated a divorce proceeding in Germany. The German court dissolved the marriage but did not address the division of marital property. The wife then filed a petition in Johnson Circuit Court, but the trial court denied the petition citing res judicata. We reversed because "the record shows the German court did not render a judgment on the merits of [the division of marital property]." *Id.* at 376.

[8] The same can be said here. While the Bosnian court dissolved the parties' marriage, it is undisputed that it did not address the division of marital property. As such, res judicata does not apply and the trial court did not err in granting Wife's motion to correct errors and setting aside the dismissal.

## II. Comity

[9] Husband also argues the trial court erred in declining to dismiss the case under principles of comity. Under principles of comity, Indiana courts may respect

final decisions of sister courts' proceedings pending in those courts. *American Econ. Ins. Co. v. Felts*, 759 N.E.2d 649, 660 (Ind. Ct. App. 2001). Comity is important in avoiding conflicting results and in discouraging repeated litigation of the same question. *George S. May Intern. Co. v. King*, 629 N.E.2d 257, 260 (Ind. Ct. App. 1994), *trans. denied*. However, comity is not a mandatory rule, but one of practice, convenience, and courtesy. *Id.* Whether to dismiss an action out of comity is left to the discretion of the trial court. *Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 695 (Ind. Ct. App. 2013), *trans. denied*.

> Generally, where an action concerning the same parties and the same subject matter has been commenced in another jurisdiction capable of granting prompt and complete justice, comity should require staying or dismissing of a subsequent action filed in a different jurisdiction. Factors to be considered in addressing comity questions include: (1) whether the first filed suit has been proceeding normally, without delay, and (2) whether there is a danger the parties may be subjected to multiple or inconsistent judgments.

*Id.*

[10] Here, there is no danger the parties may be subject to multiple or inconsistent judgments, since the property disposition is not at issue in the Bosnian proceeding. As such, we cannot say the trial court abused its discretion in declining to dismiss under principles of comity.

[11] Affirmed.

May, J., and Weissmann, J., concur.

ATTORNEYS FOR APPELLANT

Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

Anne M. Lowe
Fugate Gangstad Lowe, LLC
Carmel, Indiana

ATTORNEY FOR APPELLEE

Andrea L. Ciobanu
Ciobanu Law, P.C.
Indianapolis, Indiana