Opinion issued October 9, 2003







     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00439-CV




MICHIANA EASY LIVIN’ COUNTRY INC. D/B/A MICHIANA R.V.,
Appellant

V.

JAMES G. HOLTEN, Appellee




On Appeal from the 334th District Court
Harris County, Texas
Trial Court Cause No. 0035433




OPINION ON REHEARING

          We withdraw our opinion of March 13, 2003 and issue the following in its
stead. Appellant’s motion for rehearing is granted. 
          This is an interlocutory, accelerated appeal from the trial court’s denial of a
special appearance filed by appellant, Michiana Easy Livin’ Country, Inc. d/b/a
Michiana R.V. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (7) (Vernon
Supp. 2003). Michiana argues that the trial court erred by denying its special
appearance for the following reasons (1) the trial court did not have personal
jurisdiction over Michiana because the Texas long-arm statute does not reach
Michiana and (2) Michiana had not established the minimum contacts required by
federal due process in order for Texas courts to assert jurisdiction over it. We affirm.BackgroundOn July 14, 2001, appellee, James G. Holten, brought suit against Ford Motor
Company, Coachmen Industries, Inc., Michiana, and Coachmen Recreational Vehicle
Company. Holten alleged that he was a resident of Harris County, Texas and that the
subject matter of his suit, a motor home, was also located in Harris County, Texas. 
Holten alleged that he had entered into a contract with Michiana to purchase a Class
A Coachmen Catalina motor home manufactured by Coachmen and equipped with
a Ford Engine and that he had taken delivery of the motor home in July 1998. 
          Holten alleged that, at the time he purchased the motor home, Michiana
represented to him that (1) the motor home would be constructed with all solid wood
material connected with screws, (2) the motor home’s coach would not contain nails
or staples, (3) the motor home would contain a bathtub and a shower, (4) the motor
home would contain a double-pedal, foot-flush toilet, (5) the motor home could be
serviced by any authorized Ford dealer, and (6) the motor home would comply with
other specifications listed by Holten. Holten further alleged that these conditions
were not met and that the breach of these conditions constituted a violation of the
Texas Deceptive Trade Practices Consumer Protection Act, as well as common law
fraud, breach of warranty, and breach of contract. 
          Ford Motor Company, Coachmen Recreational Vehicle Company, and
Coachmen Industries, Inc. filed answers, but Michiana filed a special appearance and
answered subject to its special appearance. 
          Michiana’s special appearance asserted that the trial court did not have
jurisdiction over it for the following reasons: (1) Michiana is an Indiana corporation
that is not a resident of Texas, has no agent for service in Texas, has no property or
employees in Texas, and is not authorized to do business in Texas; (2) Michiana does
not advertise or have an Internet presence; (3) Holten contacted Michiana on his own
initiative to arrange for Michiana to sell him a Coachmen motor home; (4) Michiana
delivered the Coachmen motor home in Indiana to an independent third-party carrier
who brought the motor home to Texas; (5) all communications between Michiana and
Holten were conducted over the telephone; (6) all payments were made to Michiana
in Indiana; (7) Holten was originally scheduled to accept delivery of the motor home
in Indiana; and (8) the sales contract signed by Holten contained a forum selection
clause designating Indiana as the forum state of all disputes arising from the sale of
the motor home. 
          The trial court denied Michiana’s special appearance.
Special Appearance 
Standard of Review
          The plaintiff bears the initial burden of pleading sufficient allegations to bring
a non-resident defendant within the personal jurisdiction of a Texas court. BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 793 (Tex. 2002). A defendant
bears the evidentiary burden of challenging the court’s assertion of personal
jurisdiction by negating all jurisdictional bases. Id. Existence of personal jurisdiction
is a question of law, reviewed de novo, but that determination must sometimes be
preceded by the resolution of underlying factual disputes. Preussag
Aktiengesellschaft v. Coleman, 16 S.W.3d 110, 113 (Tex. App.Houston [1st Dist.]
2000, pet. dism’d w.o.j.). Although findings of fact are not required, see Tex. R. App.
P. 28.1, if the trial court does not file findings of fact in a special appearance, all
questions of fact are presumed to support the judgment. Ace Ins. Co. v. Zurich Am.
Ins. Co., 59 S.W.3d 424, 427 (Tex. App.Houston [1st Dist.] 2001, pet. denied).
 
The Texas Long-Arm Statute 
          A Texas court may assert personal jurisdiction over a non-resident defendant
only if the requirements of both the Texas long-arm statute and the United States
Constitution are satisfied. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466
U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); CSR, Ltd. v. Link, 925 S.W.2d 591, 594
(Tex. 1996). The Texas long-arm statute allows a Texas court to exercise personal
jurisdiction over a non-resident defendant who does business in Texas. Tex. Civ.
Prac. & Rem. Code Ann. § 17.042 (Vernon 1997). A non-resident does business in
Texas if it:
(1)contracts by mail or otherwise with a Texas resident and either
party is to perform the contract in whole or in part in this state; 
 
(2)commits a tort in whole or in part in this state; or
 
(3)recruits Texas residents, directly or through an intermediary
located in this state, for employment inside or outside this state.

Id. In addition, the statute provides that “other acts” by the non-resident can satisfy
the requirement of “doing business” in Texas. Id.; Guardian Royal Exch. Assurance,
Ltd. v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991). The Texas
Supreme Court has interpreted this broad statutory language to reach “as far as the
federal constitutional requirements of due process will permit.” BMC, 83 S.W.3d at
795. Therefore, the requirements of the Texas long-arm statute are satisfied if the
exercise of personal jurisdiction comports with federal due process limitations. CSR,
925 S.W.2d at 594.
Federal Due Process Limitations on Personal Jurisdiction
          Under the limits of federal due process, a state may exert personal jurisdiction
over a non-resident defendant only if the defendant has some minimum, purposeful
contacts with the state, and the exercise of jurisdiction will not offend traditional
notions of fair play and substantial justice. Dawson-Austin v. Austin, 968 S.W.2d
319, 326 (Tex. 1998). A non-resident who has purposely availed himself of the
privileges and benefits of conducting business in Texas has sufficient contacts with
the forum to confer personal jurisdiction. CSR, 925 S.W.2d at 594. However, a
defendant should not be subject to the jurisdiction of a Texas court based upon
random, fortuitous, or attenuated contacts. Id. at 595. The purposeful availment
requirement ensures that the non-resident defendant’s contact must result from its
purposeful contact, not the unilateral activity of the plaintiff or a third party. See
Guardian Royal, 815 S.W.2d at 227; AmQuip Corp. v. Cloud, 73 S.W.3d 380, 385
(Tex. App.—Houston [1st Dist.] 2002, no pet.). It is the quality and nature of the
contacts, rather than their number, that is important. Guardian Royal, 815 S.W.2d at
230 n.11. The exercise of personal jurisdiction is proper when the contacts
proximately result from actions of the non-resident defendant which create a
substantial connection with the forum state. Id. at 226.
 
          Foreseeability 
          Foreseeability is an important, although not determinative, consideration in
deciding whether the non-resident has purposefully established minimum contacts
with the forum state. CSR, 925 S.W.2d at 595; Guardian Royal, 815 S.W.2d at 227. 
The concept of foreseeability is implicit in the requirement that there be a substantial
connection between the non-resident defendant and Texas arising from actions or
conduct of the non-resident defendant purposefully directed toward Texas. Guardian
Royal, 815 S.W.2d at 227. If a tortfeasor knows that the brunt of the injury will be
felt by a particular resident in the forum state, he must reasonably anticipate being
haled into court there to answer for his actions. Memorial Hosp. Sys. v. Fisher Ins.
Agency, Inc., 835 S.W.2d 645, 650 (Tex. App.—Houston [14th Dist.] 1992, no writ). 
          General Jurisdiction
          A defendant’s contacts with a forum can give rise to either general or specific
jurisdiction. CSR, 925 S.W.2d at 595. General jurisdiction is present when a
defendant’s contacts are continuous and systematic, allowing the forum to exercise
personal jurisdiction over the defendant even if the cause of action did not arise from
or relate to activities conducted within the forum state. Guardian Royal, 815 S.W.2d
at 228. General jurisdiction requires a showing that the defendant conducted
substantial activities within the forum, a more demanding minimum contacts analysis
than for specific jurisdiction. Id. 
          Specific Jurisdiction
          Specific jurisdiction, however, is established if the defendant’s alleged liability
arises from or is related to an activity conducted within the forum. Id. at 227. When
specific jurisdiction is asserted, the minimum contacts analysis focuses on the
relationship between the defendant, the forum, and the litigation. Blair
Communications, Inc. v. SES Survey Equip. Services, Inc., 80 S.W.3d 723, 727 (Tex.
App—Houston [1st Dist.] 2002, no pet.); Memorial Hosp. Sys., 835 S.W.2d at 650.
The contacts must be purposely directed at or take place within the forum, and must
have a “substantial connection” that results in the alleged injuries. Id. Merely
contracting with a Texas citizen does not, by itself, satisfy the minimum contacts
requirement. Id. However, even if a non-resident has a single contact with Texas,
our courts may exercise specific jurisdiction if the contact is of substantial quality and
nature and the cause of action arises out of that contact. Ahadi v. Ahadi, 61 S.W.3d
714, 719 (Tex. App.Corpus Christi 2001, pet. denied); Memorial Hosp. Sys., 835
S.W.2d at 650. The focus of the examination must be the nature of the contacts and
the “nexus” these contacts create with the forum state. Ring Power Sys. v.
International De Comercio Y Consultoria, 39 S.W.3d 350, 354 (Tex. App.—Houston
[14th Dist.] 2001, no pet.); McDermott v. Cronin, 31 S.W.3d 617, 621 (Tex.
App.—Houston [1st Dist.] 2000, no pet.). 
 
Michiana’s Contacts with Texas
          Holten asserts that the trial court’s jurisdiction is based on specific, not general
jurisdiction. Accordingly, we focus our analysis on the issue of whether Michiana’s
contacts with Texas were sufficient to subject Michiana to specific jurisdiction. See
C-Loc Retention Systems, Inc. v. Hendrix, 993 S.W.2d 473, 478 (Tex. App.—Houston
[14th Dist.] 1999, no pet.).
          Specific Jurisdiction
          Holten alleged that, during negotiations conducted via a telephone conversation
that he initiated, Michiana made misrepresentations regarding the motor home it sold
to him and that these misrepresentations constituted violations of the Texas Deceptive
Trade Practices Act as well as common law fraud, breach of warranty, and breach of
contract. In response, Michiana argued that it did not commit any act in Texas
because (1) Michiana did not advertise in Texas or otherwise solicit Holten’s
business, (2) the phone call in which the sale of the motor home was completed was
initiated by Holten, (3) Michiana did not deliver the motor home in Texas itself, but
instead delivered the motor home in Indiana to an independent third party, who then
brought the motor home to Texas, (4) all payments were made to Michiana in Indiana,
and (5) all of Michiana conversations with Holten regarding the sale of the motor
home were conducted over the telephone from Indiana. Next, Michiana argues that
it could not reasonably have foreseen being subjected to jurisdiction in Texas because
its contract with Holten included a forum selection clause specifying that any dispute
would be brought in Indiana. Further, Michiana refuted Holten’s allegation that it
committed a tort by arguing that the record “conclusively” established that Holten did
not rely upon representations made during the phone call in reaching his decision to
purchase the motor home. 
          When reviewing the trial court’s ruling on Michiana’s special appearance, we
do not reach the merits of the underlying case. See Ring Power Sys., 39 S.W.3d at
353. The purpose of a special appearance is not to determine liability, but whether
the actions alleged by a plaintiff are of a type that suggest a defendant should expect
to be subject to Texas jurisdiction. See Mort Keshin & Co. v. Houston Chronicle
Publ’g Co., 992 S.W.2d 642, 648 (Tex. App.— Houston [14th Dist.] 1999, no pet.). 
“Accordingly, where the plaintiff alleges an action in tort that arose out of an act
committed in Texas, the necessary proof is only that the purposeful act was
committed in this State.” Ring Power Sys., 39 S.W.3d at 353. Thus, we need not
determine whether Holten actually relied on statements made during the telephone
call with Michiana, nor need we determine whether those statements were, in fact,
misrepresentations. Instead, we need only determine whether those jurisdictional
facts were adequately alleged in Holten’s pleadings and whether those allegations
were sufficiently supported by the evidence presented to the trial court to sustain the
court’s ruling on Michiana’s special appearance.
          Michana further contends that a specially appearing defendant may meet his
jurisdictional burden by proving the nonexistence of a jurisdictional fact, even if such
proof also disproves the existence of a necessary element of the plaintiff’s cause of
action. See French v. Glorioso, 94 S.W.3d 739, 746-47 (Tex. App.—San Antonio
2002, no pet.). Here, however, no reporter’s record exists and the trial court did not
issue findings of fact and conclusions of law. Accordingly, we must presume that the
trial court resolved all factual disputes in Holten’s favor, including whether Michiana
made misrepresentations during the telephone conversation. 
          This case presents facts similar to those presented in Ring Power Systems v.
International De Comercio Y Consultoria. In Ring, a Guatemala-based buyer of
power generation modules for electricity plants, which had an office in Texas, sued
a Florida-based seller of modules, claiming that the seller had misrepresented the
capacity of the modules and breached its contract. 39 S.W.3d at 351. The court in
Ring focused on the nexus created between the alleged misrepresentations and the
subject matter of the suit. Because the seller knew that its misrepresentations were
directed to and received by the buyer at its Houston office, the court held that Texas
courts had specific jurisdiction over the suit arising out of those misrepresentations. 
Id. at 354. 
           Similarly, in Memorial Hosp. Sys. v. Fisher Ins. Agency, Inc., the Fourteenth
Court of Appeals held that even a single contact made during a telephone
conversation initiated by the plaintiff was enough to support the exercise of specific
jurisdiction. In Memorial, as in Ring, the court focused upon the nexus between the
contact and the cause of action. The plaintiff in Memorial was a hospital that treated
a patient, relying upon a misstatement made by the defendant, a non-resident
insurance company, that the patient was covered by worker’s compensation
insurance. The court in Memorial held that the allegation of a tort committed
partially in Texas satisfied the long-arm statute. 835 S.W.2d at 648. Further, the
court held that the nexus between the contact and the cause of action was strong
enough to support specific jurisdiction, noting, that the “contact with Texas itself was
the basis for the cause of action.” 835 S.W.2d at 650. The court stated that,
In the case at hand, there is a strong nexus between the tort that occurred
in Texas and the contact with Texas. Memorial relied to its detriment
on the alleged false information provided by Fisher during the telephone
conversation. Fisher, acting in the course of its business, should have
known that Memorial would rely on the information in deciding to
provide treatment . . . . Therefore, Fisher is not denied due process by
being subject to suit in Texas, because it allegedly committed a tort with
a foreseeable economic injury in Texas.

835 S.W.2d at 650-51.     Here, as in Memorial, the alleged misrepresentations made
by Michiana in the phone call constitute both the contact with Texas and the basis for
Holten’s claims.
          Finally, it was, or should have been, foreseeable to Michiana that it might
become subject to the jurisdiction of Texas courts because Michiana knew Holten
was a Texas resident and that the motor home would be used in Texas. While the
forum selection clause in the sales contract is an indication that Michiana may have
believed that any resulting litigation would be brought in Indiana, the clause is not
controlling on the issue of foreseeability and does not outweigh Michiana’s
knowledge that it was speaking to a Texas resident and that the motor home it sold
Holten would be sent to Texas. 
          In arguing that it did not have the minimum contacts necessary to support the
trial court’s exercise of jurisdiction, Michiana points us to two Texas cases: Hayes
v. Wissel, 882 S.W.2d 97 (Tex. App—Fort Worth 1994, no writ) and Laykin v.
McFall, 830 S.W.2d 266 (Tex. App.—Amarillo 1992, orig. proceeding). In Hayes,
a Colorado resident advertised his airplane for sale in a widely circulated magazine. 
Hayes, a Texas resident, contacted the seller via telephone and was informed by the
Colorado seller that the plane was in excellent condition. Hayes then telephoned the
seller’s mechanic, who was also in Colorado, to discuss the plane. Based on
representations made to him by the seller and the mechanic, Hayes sent the seller a
deposit on the plane. Hayes, 882 S.W.2d at 98. Unlike the present case, Hayes then
went to Colorado to inspect the plane before paying the balance of the purchase price. 
During this inspection in Colorado, Hayes was shown a logbook detailing the
inspections conducted by the seller’s mechanic. Hayes relied on the logbook he saw
in Colorado in taking possession of the plane. Id. at 98. In Hayes, the
misrepresentations forming the basis of suit occurred both in Texas and in Colorado,
and the court found that Hayes relied on the information he received while he was in
Colorado when sustaining the seller’s and the mechanic’s special appearances.
Accordingly, in Hayes, the nexus between the misrepresentations received in Texas
and the underlying suit was not as strong as it is in the present case.
          In Laykin, the Amarillo Court of Appeals held that a California resident who
had agreed to sell a ring on consignment for a Texas resident did not have sufficient
minimum contacts with Texas to be subject to personal jurisdiction. 830 S.W.2d 266. 
In Laykin, the Texas resident contacted the seller and asked him to sell her ring for
her. After the Texas resident sent the ring to California, she found a buyer on her
own. She then contacted the seller, who refused to return the ring and instead
attempted to purchase the ring from her for his own use. The Texas resident sued,
alleging conversion, fraud, and deceptive trade practices. In holding that the
California seller did not have the minimum contacts with Texas necessary for
jurisdiction, the Laykin court held that the seller’s actions did “not rise to the
necessary level of an act or act purposefully directed at or aimed at Texas as a forum.
. . . [I]n this case, Texas is not the focal point of the [seller’s] actions.” Id. at 270. In
contrast to Laykin, Texas was the focal point of Michiana’s actions—Holten, a Texas
resident, received the misrepresentations made during the telephone call, and the
motor home Michiana sold to Holten was to be used in Texas.   Accordingly, we hold
that Michiana has sufficient minimum contacts with the State of Texas to subject it
to personal jurisdiction. 
Fair Play and Substantial Justice
          After deciding whether Michiana has sufficient minimum contacts to support
the exercise of jurisdiction, we must also determine whether such an exercise of
jurisdiction comports with our notions of fair play and substantial justice. Ring
Power Sys., 39 S.W.3d at 354. In making such a determination, we evaluate the
following five factors: (1) the burden on Holten, (2) Texas’s interest in adjudicating
the dispute, (3) Michiana’s interest in obtaining convenient and effective relief, (4)
the interstate judicial system’s interest in obtaining the most efficient resolution of
controversies, and (5) the shared interest of the several states in furthering
fundamental substantive social policies. See Burger King Corp. v. Rudzewicz, 471
U. S. 462, 477, 105 S. Ct. 2174, 2184 (1985); Guardian Royal, 815 S.W.2d at 228. 
In making this determination, “we bear in mind that only in rare cases will the
exercise of jurisdiction not comport with fair play and substantial justice when the
nonresident defendant has purposefully established minimum contacts with the forum
state.” Ring Power Sys., 39 S.W.3d at 354.
          Here, Texas has a strong interest in adjudicating this dispute because it
involves both an alleged misrepresentation received in Texas by a Texas resident and
a product that was sent into Texas that Michiana knew was to be used in Texas. 
Other than Texas and Indiana, no other state serves as a possible forum for
adjudicating this dispute. Additionally, the other defendants named by Holten in his
petition, Ford Motor Company, Coachmen Recreational Vehicle Company and
Coachmen Industries, Inc., have already consented to jurisdiction in Texas, further
establishing that Texas is the most convenient and efficient forum for Holten’s suit. 
Cf. Jones v. Beech Aircraft, 995 S.W.2d 767, 774 (Tex. App.—San Antonio 1999,
pet. dism’d w.o.j.). Finally, requiring litigation of this suit in Texas furthers the social
policy of the states in protecting their residents from economic loss resulting from
torts. Cf. Ahadi, 61 S.W.3d at 722. We find that the trial court’s exercise of
jurisdiction over Michiana would not offend notions of fair play and substantial
justice. Accordingly, the trial court properly denied Michiana’s special appearance.
 
 
 
 
 
 
 
 
 
Conclusion
          We affirm the order of the trial court. Holten’s motion to strike Michiana’s
Reply Brief, in whole or part, is denied. Holten’s motion for leave to file a
supplemental letter brief is granted. Michiana’s motion to file a post-submission
letter brief is granted. Michiana’s motion for rehearing is granted. All other pending
motions are dismissed as moot.


 
 
 
                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks. 
Justice Hanks, concurring.