**Reversed and Remanded and Memorandum Opinion filed December 22, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00539-CV

---

## HAND & WRIST CENTER OF HOUSTON, P.A., Appellant

## V.

## LOWERY MASONRY, LLC, Appellee

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2017-13251**

---

## M E M O R A N D U M   O P I N I O N

Appellant Hand & Wrist Center of Houston, P.A. ("HWC") appeals a summary judgment denying it recovery from Lowery Masonry, LLC on a guaranty agreement. For the reasons explained below, we conclude that Lowery failed to establish conclusively its entitlement to summary judgment. We reverse the trial court's judgment and remand the cause for further proceedings.

## Background

Sandro Tovar allegedly sustained an injury while in the course and scope of his employment for Lowery. Tovar sought medical treatment from HWC. Before HWC provided treatment, Lowery's president signed a "Letter of Guarantee," which provides in pertinent part:

> *We believe that our mutual goal should be to provide your employee with the best possible care in an expedited fashion. We participate in the TDI-DWC program as well as many insurance company's managed care and commercial contracts. However, during emergency, emergent, or urgent circumstances it can be difficult to obtain verification of insurance benefits, current subscriber status, and/or employment in a favorable time frame; this delay can translate to reduced medical outcomes in many situations. By executing this Letter of Guarantee, below, and accepting the financial responsibility for your injured worker, you are helping to enable rapid and efficient medical care rendered by a team of experienced hand trauma specialists, while retaining the flexibility of deciding later whether or not to submit an insurance claim.*

> *Of course, if you utilize a Third Party Administrator (TPA) to administer your medical claims, then we will be happy to forward all claims to the TPA, after care is rendered, and we will honor any contractual discounts we may have agreed to, as stated below. As a reminder, a TPA administers claims for medical expenses, which naturally occur after care is rendered. Because a TPA is not empowered by Texas Law to approve or deny the medical care of an injured worker, we cannot accept the signature of a TPA staffer on the Letter of Guarantee below. Thank you.*

> Lowery Masonry, LLC (hereafter called "the Company") desires that Sandro Tovar (hereafter called "the Patient") receive medical care for injuries sustained on or about 12/17/2015. In that regard, the Company hereby agrees to the following. **The Company guarantees that it will pay Hand & Wrist Center of Houston, P.A.**, SCA Houston Hospital for Specialized Surgery, L.P., and Gulf Anesthesia Associates, PA (hereafter called "the medical care providers") **their usual and customary fees for medical care rendered to the Patient**. Payment will be made within 30 days after receiving notice.

This Letter of Guarantee may be canceled only with 30 days written notice by either party.

**The Medical Providers will <u>not</u> seek additional payment from the Company under this Letter of Guarantee if** 1) payment is made by an insurance carrier in accordance with the relevant state or federal worker's compensation acts statutory fee schedule and time table, or 2) payment is made under terms of a Certified Health Care Network's contracted fee schedule and time table, 3) payment is made by a Third Party Administrator's Provider Agreement, if any are in effect, or **(4) the Company has workers' compensation insurance with Texas Mutual Insurance Company**.

Payment will be made even if the injury is determined to have occurred while the Patient was not at work, or if the injury is not reported to the insurance carrier (if any), or if a claim is not filed with the insurance carrier, by the Employer, in a timely fashion. Payment will be made even if the patient tests positive for drugs or alcohol at the time of the injury.

. . . Because the Company agrees to pay these fees if and when there is no insurance coverage, then lack of insurance is not a defense to payment of the fees. . . . This agreement is an enforceable contract.

(Bolding emphases added, underlining and italics emphasis original).

HWC treated Tovar and sent Lowery a bill for $6,699.86. The record contains no evidence whether any insurance company or other party paid some or all of HWC's fee. After Lowery allegedly did not pay the bill, HWC filed suit, asserting a single claim for breach of the guaranty.

Lowery filed a traditional motion for summary judgment, contending that the guaranty "specifically excludes recovery in the event that [Lowery] has workers' compensation insurance with Texas Mutual Insurance Company." Lowery attached an affidavit from its president, who averred that the company had workers' compensation insurance at all relevant times with Texas Mutual Insurance Company.

3

The trial court granted the motion for summary judgment and ordered that HWC take nothing from Lowery. HWC timely appealed.

## Standard of Review and Burdens of Proof

We review a grant of summary judgment under a de novo standard of review. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dias v. Goodman Mfg. Co., L.P.*, 214 S.W.3d 672, 675-76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

If the defendant disproves at least one element of the plaintiff's claim as a matter of law, summary judgment is appropriate. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *see also Buck v. Blum*, 130 S.W.3d 285, 288 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Here, the plaintiff's claim is on a guaranty agreement, which creates a secondary obligation whereby the guarantor promises to be responsible for the debt of another and may be called upon to perform if the primary obligor fails to perform. *Wasserberg v. Flooring Servs. of Tex., LLC*, 376 S.W.3d 202, 205-06 (Tex. App.—Houston [14th Dist.] 2012, no pet.). To recover under a guaranty contract, a party must prove: (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor. *Id*. In its motion for summary judgment, Lowery challenged the third element. Lowery argued that the stated condition of liability had not occurred because Lowery had workers' compensation insurance with Texas Mutual Insurance Company.

4

When, as here, a defendant argues that the terms of a contract preclude the plaintiff from recovering, the defendant must prove that its interpretation of the contract is the only reasonable one. *See, e.g.*, *Clark v. Cotten Schmidt, L.L.P.*, 327 S.W.3d 765, 774-75 & n.11 (Tex. App.—Fort Worth 2010, no pet.); *see also El Paso Field Servs., L.P. v. MasTec N.A., Inc.*, 389 S.W.3d 802, 806 (Tex. 2012). The interpretation of a guaranty agreement, like any contract, is a legal question we review de novo. *Wasserberg*, 376 S.W.3d at 206 (citing *Gulf Ins. Co. v. Burns Motors, Inc.*, 22 S.W.3d 417, 423 (Tex. 2000)). If a traditional summary judgment movant fails to meet its burden, then reversal is warranted regardless of the non-movant's opposing arguments or whether it responded at all. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Williams Consol. I, Ltd./BSI Holdings, Inc. v. TIG Ins. Co.*, 230 S.W.3d 895, 900 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

## Contract Interpretation Principles

In determining whether Lowery conclusively proved that HWC may not recover, we must interpret the guaranty's relevant provisions. We construe a written guaranty as we would any other contract, and our primary concern is to ascertain and give effect to the written expression of the parties' intent. *Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc.*, 473 S.W.3d 296, 305 (Tex. 2015); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). We afford terms their plain and ordinary meaning unless the contract indicates that the parties intended a different meaning. *Dynegy Midstream Servs., Ltd. P'ship. v. Apache Corp.*, 294 S.W.3d 164, 168 (Tex. 2009). We consider the entire contract, respecting all provisions so that none are rendered meaningless. *Plains Expl. & Prod.*, 473 S.W.3d at 305. We also bear in mind the particular business activity to be served, and when possible and proper to do so, we

avoid a construction that is unreasonable, inequitable, and oppressive. *Nat'l City Bank v. Ortiz*, 401 S.W.3d 867, 878 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (op. on reh'g) (citing *Frost Nat'l Bank v. L&F Distribs., Ltd.*, 165 S.W.3d 310, 312 (Tex. 2005) (per curiam)). If a contract is unambiguous, we enforce it as written without considering parol evidence for the purpose of creating an ambiguity or giving the contract "a meaning different from that which its language imports." *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) (per curiam).

## Application

HWC argues that the summary judgment is error because the Letter of Guarantee imposes a duty on Lowery to pay HWC's "usual and customary fees" for the service rendered to Tovar if no one else paid, and that Lowery's interpretation of the exception is contrary to the agreement's language. Lowery acknowledges the general guaranty obligation but contends the contract establishes several exceptions, the fourth of which applies and bars recovery.

We begin by noting the agreement's stated purpose and the general guaranty duty. As clarified in the initial two paragraphs of the agreement, Lowery accepted "financial responsibility" for its injured worker to ensure prompt medical treatment without the potential delay accompanying verification of insurance benefits. As stated in the Letter of Guarantee's third paragraph, Lowery agreed to "pay Hand & Wrist Center . . . their usual and customary fees for medical care rendered to the Patient . . . within 30 days after receiving notice." By promising to pay HWC's usual and customary fees, Lowery guaranteed that it would pay the fees HWC incurred in treating Tovar's injury, even if Tovar did not pay. *See Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 258 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

6

The above terms are not disputed. The present controversy concerns the exceptions to liability emphasized in the agreement's fourth paragraph:

**The Medical Providers will <u>not</u> seek additional payment from the Company under this Letter of Guarantee if** 1) payment is made by an insurance carrier in accordance with the relevant state or federal worker's compensation acts statutory fee schedule and time table, or 2) payment is made under terms of a Certified Health Care Network's contracted fee schedule and time table, 3) payment is made by a Third Party Administrator's Provider Agreement, if any are in effect, or **(4) the Company has workers' compensation insurance with Texas Mutual Insurance Company**.

The first sentence states that HWC will not seek "additional payment" from Lowery if one of four conditions occur. The first three conditions state that they apply if "payment is made" under the stated circumstances. The fourth condition, however, does not include the same "payment is made" language. It applies when Lowery has "workers' compensation insurance with Texas Mutual Insurance Company." Lowery presented summary judgment evidence that it had workers' compensation insurance with Texas Mutual Insurance Company during all relevant times. According to Lowery, then, the only reasonable interpretation of the fourth condition is that HWC may not seek any payment from Lowery even if Texas Mutual Insurance Company did not pay for the services.

Lowery is correct that the fourth condition omits any requirement that payment be received from Texas Mutual Insurance Company before Lowery's duty to make an "additional payment" is excepted. However, Lowery's argument that HWC will not seek *any* payment from Lowery so long as it has workers' compensation insurance with Texas Mutual Insurance Company would render meaningless the phrase "additional payment" in the first sentence and creates tension with the agreement's purpose as set forth in the first paragraph, as well as with the fifth paragraph. HWC is entitled to be paid for its services, and its

7

expectation in that regard is apparent from the agreement as a whole. According to Merriam-Webster, "additional" means more than is usual or expected.[1] The inclusion of the phrase "additional payment" in the exception paragraph contemplates that HWC would have received a usual or expected payment from another identified source. Under Lowery's argument, that paragraph's meaning would be the same with or without the word "additional." But we cannot construe the contract to render express terms meaningless surplusage. *See J.M. Davidson*, 128 S.W.3d at 229; *Coker*, 650 S.W.2d at 393. Because Lowery's interpretation of the exception paragraph would require us to excise express terms, its interpretation is unreasonable. *See Ace Ins. Co. v. Zurich Am. Ins. Co.*, 59 S.W.3d 424, 428-29 (Tex. App.—Houston [1st Dist.] 2001, pet. denied) (citing *Westwind Expl., Inc. v. Homestate Sav. Ass'n*, 696 S.W.2d 378, 382 (Tex. 1985)).

Lowery invokes the rule of *strictissimi juris*, which entitles a guarantor to have his agreement construed strictly and not extended by construction or implication beyond the precise terms of the contract. *Wasserberg*, 376 S.W.3d at 206; *Material P'ships, Inc.*, 102 S.W.3d at 258. But this rule applies only after the terms of the guaranty have been ascertained. *See Wasserberg*, 376 S.W.3d at 206 (citing *McKnight v. Va. Mirror Co.*, 463 S.W.2d 428, 430 (Tex. 1971)). In a similar vein, Lowery asks us to resolve any "residual uncertainty" in its favor, because guarantors are to receive a favorable interpretation when uncertainty exists as to a guaranty's meaning. *See Coker*, 650 S.W.2d at 394 n.1. Lowery does not benefit from this principle, however, because resolving the conflict in its favor as a matter of law would require us to eliminate words from the agreement, which is not reasonable. *See Principal Commercial Acceptance, L.L.C. v. Buchanan Fund V, L.L.C.*, No. 01-11-00782-CV, 2012 WL 6095236, at *8 (Tex. App.—Houston

---

[1] *See* "Additional," Merriam-Webster, *available at* https://www.merriam-webster.com/dictionary/additional.

[1st Dist.] Dec. 6, 2012, pet. denied) (mem. op.) (construing guaranty in guarantor's favor when its proffered interpretation of contract was reasonable).

Accordingly, we hold that Lowery did not conclusively establish an unambiguous certain or definite legal meaning in its favor. *See N. Nat. Gas Co. v. Oneok Bushton Processing, Inc.*, No. 14-11-00539-CV, 2012 WL 4364652, at \*7 (Tex. App.—Houston [14th Dist.] Sept. 25, 2012, no pet.) (mem. op.); *Kaye/Bassman Int'l Corp. v. Help Desk Now, Inc.*, 321 S.W.3d 806, 813 (Tex. App.—Dallas 2010, pet. denied). Therefore, we must reverse the summary judgment.

## Conclusion

We sustain HWC's sole issue on appeal, and we reverse and remand the cause to the trial court for further proceedings.

/s/     Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.